**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROY LEE MORTON, | Case No. SACV 12-0231-PSG (JPR) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

On February 10, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition purports to challenge a judgment of conviction sustained by Petitioner in Orange County Superior Court on December 2, 2005. According to the Petition, the California Supreme Court granted review on August 29, 2007, but Petitioner does not provide any subsequent procedural history of the case. This Court's review of Westlaw and the California Appellate Courts' website seems to indicate that the supreme court transferred the case back to the court of appeal for review in light of several intervening decisions. People v. Morton, 167 P.3d 26, 65 Cal. Rptr. 3d 761 (2007). The court of appeal issued a decision on January 22,

2008, 159 Cal. App. 4th 239, 70 Cal. Rptr. 3d 827 (2008), and the state supreme court denied review on April 9, 2008. It does not appear – and the Petition does not allege – that Petitioner has filed any state habeas petitions. Petitioner raises two claims, both challenging his 12-year sentence.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final in which to file a federal habeas petition. See 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate

> of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction apparently became final 90 days after the state supreme court denied review – in other words, on July 8, 2008. Merolillo v. Yates, 663 F.3d 444, 454 n.5 (9th Cir. 2011).

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Petitioner is not contending that he was impeded from filing his federal petition by unconstitutional state action. Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C). Petitioner is not contending that any of his claims are based on a federal constitutional right that was initially recognized by the U.S. Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it appears to the Court that Petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D). Petitioner was aware of the underlying factual and legal predicates of his claims at the very latest when the state supreme court remanded his appeal to the court of appeal.

Thus, Petitioner's last day to file his federal habeas petition was July 9, 2009, unless a basis for tolling the statute exists. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

No basis for statutory tolling under § 2244(d)(2) appears to exist here, as Petitioner apparently has not filed any state habeas petitions. Under certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). Here, Petitioner has not purported to make any such showing.

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **March 21, 2012**, Petitioner should show cause in writing, if he has any, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a


declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way."

DATED: February 21, 2012

/s/ Jean Rosenbluth
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE